Anthony J. VALENTI,
Plaintiff–Appellant,

v.

**SURGITECK–FLASH MEDICAL ENGINEERING CORP., et al.,
Defendants–Appellees.**

No. 88–3227.

United States Court of Appeals,
Fifth Circuit.

June 14, 1989.

Julian R. Murray, Jr., Murray, Braden, Gonzales & Richardson, New Orleans, La., for plaintiff-appellant.

Henry B. Alsobrook, Jr., Lisa D. Newman, Adams & Reese, New Orleans, La., for defendants-appellees.

Before GEE, SMITH and DUHE, Circuit Judges.

DUHE, Circuit Judge.

Anthony J. Valenti appeals from the district court's entry of a judgment notwithstanding the verdict and a new trial. We affirm.

Valenti brought this products liability action pursuant to the "unreasonably danger-ous per se" theory of recovery [1] recognized by the Louisiana Supreme Court in *Halphen v. Johns–Manville Sales Corporation*, 484 So.2d 110 (La.1986) claiming he suffered personal injury as a result of the unreasonably dangerous and defective condition of a penile prosthesis manufactured by defendant Surgiteck–Flash Medical Engineering Corporation (Surgiteck). At trial, Valenti merely offered evidence that the prosthesis broke after two years of normal use. He did not offer evidence that it was defective. Nevertheless, the jury found the prosthesis was defective at the time it left the manufacturer's control and awarded Valenti $55,744.58 in damages. The jury reduced this amount by 40% based on its finding that Valenti was comparatively negligent. The trial court granted Surgiteck's motion for J.N.O.V. and for a new trial.

Valenti argues that the trial court's ruling "emanated" from a misreading of *Halphen*. He argues that in determining whether a product is unreasonably dangerous per se, *Halphen* mandates that the danger in fact *to plaintiff* from the product must be weighed against the utilitarian value of the product *to plaintiff*. He contends, therefore, that it is unnecessary to introduce evidence to prove the product defective. In support of his position, plaintiff notes that one of the *Halphen* court's objectives in adopting the unreasonably dangerous per se category of strict liability was to reduce the cost of litigation and that adopting his position would serve this goal by eliminating the need for expert testimony to prove the product defective.

■ Valenti's appreciation of *Halphen* is incorrect. Surgiteck argues—and we agree—that *Halphen* requires that the danger in fact of the product to *society as a whole* be weighed against the utility of the product to *society as a whole*. If danger in fact and utility are balanced on an individual basis, plaintiffs would be able to recover whenever injured while using a product because their benefit from using

---

1. The Louisiana legislature has subsequently codified the state's law of products liability and, in so doing, eliminated the unreasonably dangerous per se category.

the product will almost always be outweighed by the injury suffered.

In *Halphen* the court decided that the danger to society of asbestos outweighed its utility to society. It did away with the "state of the art" defense which asbestos producers had been using to establish that they could not know of the dangers inherent in asbestos at the time it was manufactured and marketed. The reduction in cost, via a limitation on the need for expert testimony, that concerned the *Halphen* court was related to the "state of the art" defense. In the unreasonably dangerous per se cases, this defense is no longer available. This does not mean, however, that the court relieved plaintiff of the burden of proving a defect in the product:

> An essential element of a plaintiff's case under each strict products liability theory of recovery is proof that the defendant's product was unreasonably dangerous to normal use.

*Halphen*, 484 So.2d at 113.

Because Valenti failed to prove the prosthesis was defective, the district court properly granted Surgiteck's motion for a J.N.O.V. and a new trial. Our ruling makes it unnecessary to reach the remainder of Valenti's arguments on appeal. The judgment is

AFFIRMED.